**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

MITCHELL FIELDS,

      Plaintiff(s),

v.

BRIAN WILLIAMS, et al.,

      Defendant(s).

Case No.: 2:17-cv-01725-JAD-NJK

**Order**

[Docket Nos. 22, 26]

Pending before the Court is Plaintiff's motion to extend the discovery cut-off by 30 days. Docket No. 22. Defendants filed a response and Plaintiff filed a reply. Docket Nos. 24, 25. Plaintiff further filed a motion for appointment of counsel. Docket No. 26. The Court finds that the motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Plaintiff's motion to extend, Docket No. 22, is **GRANTED** and Plaintiff's motion for appointment of counsel, Docket No. 26, is **DENIED**.

## I. BACKGROUND

Plaintiff alleges violations of his civil rights under 42 U.S.C. § 1983 for events that occurred during his incarceration at High Desert State Prison. Docket No. 8 at 4-14. The Court screened Plaintiff's amended complaint and ordered that two of Plaintiff's claims of deliberate indifference to serious medical needs and one claim of equal protection may proceed. Docket No. 7.

. . .

1

## II.    ANALYSIS

### A.  Motion to Extend Discovery

Plaintiff contends that an extension of the discovery cut-off is necessary to complete discovery, including deposing two Defendants, who will be deposed by April 11, 2019. Docket No. 22 at 2.

In response, Defendants contend that Plaintiff fails to establish good cause to extend discovery. Docket No. 24 at 2. Defendants contend that Plaintiff's motion fails to comply with Local Rule 26-4, in that he fails to state the discovery completed, the discovery which remains, the reason why remaining discovery was not completed, and a proposed schedule for completing discovery. *Id*. at 3. Defendants further contend that Plaintiff did not serve discovery requests during the first two months of discovery. *Id*. Defendants submit that Plaintiff has not attempted to make arrangements for the two Defendants' depositions he contends will be completed before April 11, 2019. *Id*.

In reply, Plaintiff contends that he is incarcerated at the Lovelock Correctional Center, which prohibits inmates from accessing the law library for research. Docket No. 25 at 1. Plaintiff submits that he is dependent on a researcher assigned to his housing unit and, as a result, has sometimes been brought the wrong materials, missing copy work, or experienced other issues which waste time. *Id*. at 1-2. Plaintiff further submits that the complexity of the issues and high stakes of his case compound the need for an extension. *Id*. at 2. Finally, Plaintiff submits these circumstances justify an appointment of counsel. *Id*. at 2-3.

A motion to extend deadlines in the Court's scheduling order must be supported by a showing of "good cause" for the extension. Local Rule 26–4; *see also Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608-609 (9th Cir.1992). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson,* 975 F.2d at 609. The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294–95 (9th Cir. 2000). The Court must liberally construe the pleadings of a pro se party. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

The Court finds that Plaintiff has demonstrated good cause for a 30-day extension. Accordingly, his motion to extend, Docket No. 22, is GRANTED. The discovery cut-off is extended to May 13, 2019. The Court cautions Plaintiff that any further motions he files must comply in full with all applicable federal and local rules.[1]

B. Appointment of Counsel

Plaintiff asks the Court to appoint counsel to represent him. Docket No. 26. Plaintiff contends that he is dependent on the competence of the researcher assigned but that the researcher makes gross mistakes. *Id*. at 2. Plaintiff further contends that the complexity and high stakes of his case justify an appointment of counsel. *Id*. at 2-3.

In civil cases, a court may only appoint counsel to represent litigants proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(1). That provision does not authorize courts to require counsel to represent such litigants, but only to request such representation on a *pro bono* basis. *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 304-05 (1989). The appointment of counsel pursuant to section 1915(e)(1) is limited to cases presenting exceptional circumstances. *See Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004). Appointment of counsel is not a matter of right. *See Ivey v. Bd. of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). To determine whether "exceptional circumstances" necessary for appointment of counsel are present, the Court evaluates (1) the likelihood of the success of Plaintiff's claims on the merits and (2) Plaintiff's ability to articulate claims *pro se* "in light of the complexity of the legal issues involved." *Agyeman*, 390 F.3d at 1103 (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)). Neither of these factors is dispositive and both must be viewed together. *Wilborn*, 789 F.2d at 1331.

. . .

. . .

. . .

. . .

---

[1] The Court expresses no opinion herein on the merits of any future motion.

Here, the Court does not find that exceptional circumstances necessary for the appointment of counsel are present. Accordingly, the Court **DENIES** Plaintiff's motion for appointment of counsel. Docket No. 26.

IT IS SO ORDERED.

Dated: April 3, 2019

_____
Nancy J. Koppe
United States Magistrate Judge