UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MITCHELL FIELDS,

        Plaintiff,

v.

JAMES DZURENDA, *et al.*,

        Defendants.

Case No. 2:17-cv-01725-MMD-CBC

ORDER

## I. SUMMARY

Plaintiff Mitchell Fields, who is incarcerated in the Nevada Department of Corrections ("NDOC"), bring this civil rights case under 42 U.S.C. § 1983. For the following reasons, the Court *sua sponte* refers this case to the Pro Bono Program ("Program") adopted in General Order 2017-07 for appointment of pro bono counsel.

## II. BACKGROUND

The Court allowed the following claims in Plaintiff's First Amended Complaint[1] to proceed in this action after screening: two claims for Eighth Amendment deliberate indifference to serious medical needs and one Fourteenth Amendment equal protection claim. (ECF No. 9 at 2.)

In support of the first surviving claim, Plaintiff alleges that he has been denied treatment for a botched blepharoplasty that has left him with crossed eyes, double vision, and severe headaches. (*See* ECF No. 8 at 5-6.) In support of his second

---

[1]Plaintiff filed a Second Amended Complaint (ECF No. 21), but he did not obtain Defendants' written consent or move the Court for leave to amend. Plaintiff was required to do so under Federal Rule of Civil Procedure 15(a)(2) because none of the exceptions in Rule 15(a)(1) apply. Accordingly, the Court will strike the Second Amended Complaint from the docket.

surviving claim, Plaintiff alleges that he has been denied treatment for hepatitis C. (*Id.* at 12.) In support of his third surviving claim, Plaintiff alleges that he was removed from educational and vocational programs because he was too old. (*Id.* at 13.)

**III.   LEGAL STANDARD**

There is no constitutional right to appointed counsel in a § 1983 action. *E.g.*, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *see, e.g.*, *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). Yet, the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 310 (1989). Furthermore, while the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and [the plaintiff's ability to] articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted).

**IV.   DISCUSSION**

Extraordinary circumstances exist in this case to warrant the appointment of counsel. First, Plaintiff's case presents complex legal and medical issues related to hepatitis C and blepharoplasty, and it is clear that Plaintiff has little ability to articulate his claims. Plaintiff experiences: "constant pain in the upper right-side of his abdomen (liver), spontaneous occasionally [sic] vomiting, constant itching of his arms, legs and abdomen, constantly being lethargic and also being very weak, [and] mild ascites that cause fluids in the abdomen to accumulate which also causes swelling of his hands and legs making

it painful for [Plaintiff] to grasp a pen and write or sit for any lengths [sic] of times." (ECF No. 36 at 5.) Plaintiff also alleges that he cannot receive assistance from other inmates to review his medical records and does not have access to the law library. (*Id.*) Furthermore, "[w]ithout counsel and while incarcerated, [Plaintiff is] expected to locate a medical expert willing to submit an affidavit on his behalf, manage discovery for his multi-party multi-claim lawsuit, and conduct a full trial." *Clemons v. Hill*, 743 F. App'x 885, 886 (9th Cir. 2018). These circumstances, considered collectively, suggest a finding of exceptional circumstances.

Second, there is at least some likelihood of success on the merits. Plaintiff alleges that he has been denied life-saving treatment for his hepatitis C as well as treatment for his eye condition. Plaintiff's claims do not appear to be trivial or frivolous. In light of the serious complexity of the issues in Plaintiff's case and his inability to articulate his claims, Plaintiff has shown sufficient likelihood of success to warrant appointment of counsel.

Third, Plaintiff's *pro se* First Amended Complaint, which must be liberally construed, suggests that Plaintiff is challenging NDOC's policy of refusing curative treatment for hepatitis C. (*See* ECF No. 8 at 12.) Given that numerous incarcerated individuals currently are challenging NDOC's policy for treating hepatitis C,[2] the Court finds that extraordinary circumstances exist in this case to warrant appointment of counsel.

Accordingly, the Court will *sua sponte* refer this case to the Pro Bono Program.[3]

## V. CONCLUSION

It is therefore ordered that the Court refers this case to the Pro Bono Program ("Program") adopted in General Order 2017-07 for appointment of pro bono counsel. By

---

[2] *See* ECF No. 156 in *Cruzado v. Baca*, Case No. 3:16-cv-00690-MMD-CBC.

[3] Magistrate Judge Nancy J. Koppe has twice denied Plaintiff's requests for appointment of counsel in this case. (ECF Nos. 27, 38.) Upon careful consideration, the Court nevertheless finds that appointment of counsel is warranted.

referring this case to the Program, the Court is not expressing an opinion as to the merits of the case.

It is further ordered that the Clerk forward this order to the Pro Bono Liaison.

It is further ordered that the Clerk strike Plaintiff's Second Amended Complaint (ECF No. 21) from the docket.

DATED THIS 24th day of July 2019.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE